# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ALHALAIGA JIHAD,**

          **Petitioner,**

      **v.**                                          **Case No. 18-CV-1923**

**DALE J. SCHMIDT,**

          **Respondent.**

---

## ORDER

---

### BACKGROUND

On December 6, 2018, Petitioner Alhalaiga Jihad filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued dentition by Immigration and Customs Enforcement (ICE). (ECF No. 1.) His petition alleges that he is a Palestinian citizen and that he has been detained without bond by ICE since April 13, 2018. (*Id.* at 4, 11.) Jihad argues that an "ICE officer stated that [he] would be released on an order of supervision if [he] didn't get removed within the six month period," (*id.* at 8), and his "timely release date [has] expired without any explaination [sic]." (*Id.* at 10.) He asks the court to direct ICE to place him on an order of supervision. (*Id.* at 12.)

On February 7, 2019, the government filed a response to Jihad's petition (ECF No. 9) in which it argued that the court should dismiss the petition because "[Jihad's] primary injury, that of his alleged illegal detention, is now moot as [he] has been removed from the United States and released from custody." (*Id.* at 3.) Accompanying the government's response is a declaration by Deportation Officer Adam Saracco, which states that Jihad was removed from the United States to Palestine on February 5, 2019, and is no longer in ICE custody. (ECF No. 9-1 at 3.)

## ANALYSIS

A petition under 28 U.S.C. § 2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas v. United States*, 533 U.S. 678, 687-88 (2001). Under 28 U.S.C. § 2441(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). As such, "'[a] post-removal detainee who is released while his petition for writ of habeas corpus is pending still meets the 'in custody' requirement; his release does not necessarily render his petition moot.'" *Murillo v. Dep't of Homeland Sec.*, No. 15-CV-508, 2015 WL 7777991, at *3 (E.D. Wis. Dec. 2, 2015) (quoting *Othman v. Gonzalez*, No. 07-CV-13, 2010 WL 1132669, at *2 (S.D. Ill. Mar. 1, 2010)).

However, for the court to be able to grant relief to Jihad, his petition still must present a "case or controversy" under Article III, § 2 of the Constitution. "[That] means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with,

2

an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 532 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "After a habeas petitioner has been released from custody, the petitioner must demonstrate that some 'concrete and continuing injury' or 'collateral consequences' … resulted from the dentition in order for the suit to present a continued case or controversy." *Murillo*, 2015 WL 7777991, at *3 (quoting *Spencer*, 523 U.S. at 7 (internal citation omitted)).

Jihad's petition only challenged his continued detention pending removal; it did not challenge the underlying removal order itself. (*See generally* ECF No. 1.) Since he has been released from ICE custody and removed to Palestine (ECF No. 9-1 at 3), he has received the relief sought. As such, his petition is moot. *See A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) (directing lower courts to "dismiss a case as moot when it cannot give the petitioner any effective relief").

**IT IS THEREFORE ORDERED** that Jihad's Petition for Writ of Habeas Corpus (ECF No. 1) is **dismissed without prejudice** as **moot**.

Dated at Milwaukee, Wisconsin this 11th day of February, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge